LAW OFFICE OF PETER C. PEREZ
Suite 802, DNA Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone No. (671) 475-5055/6
Facsimile No. (671) 477-5445

*Attorney for Plaintiff*
*Zenaida B. Martinez*

IN THE DISTRICT COURT OF GUAM

ZENAIDA B. MARTINEZ,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,
UNITED STATES AIR FORCE,
ANDERSEN AIR FORCE BASE, GUAM,
ANDERSEN AIR FORCE BASE
COMMISSARY, DOES 1 THROUGH 15,

    Defendant.

CIVIL CASE NO. 15-00016

**COMPLAINT**
**[JURY TRIAL DEMANDED]**

## JURISDICTION

1. Plaintiff brings this action against the Defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 – 2680.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1346(b).

3. On or about September 19, 2014, Plaintiff submitted an Administrative Tort Claim to *inter alia*: (a) The Defense Commissary Agency; (b) The Department of the Air Force; (c) Andersen Air Force Base Commissary; and (d) Guam Office of the United States Attorney. Plaintiff's claim was denied on May 11, 2015. Plaintiff has exhausted all available administrative remedies.

4. Alternatively, should the Federal Tort Claims Act not apply, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Plaintiff is a citizen and resident of Guam. Defendants are residents of a state or territory other than Guam. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Additionally and/or alternatively, this Court also has jurisdiction over this matter as the acts complained of herein occurred on or within United States of America property.

## VENUE

6. Venue is properly with this District under 28 U.S.C. § 1402(b) as the acts that are the subject of this Complaint occurred within the District, at Andersen Air Force Base, Guam and the Plaintiff is a resident of the District.

## PARTIES

7. Plaintiff, ZENAIDA B. MARTINEZ, is an adult individual, a United States citizen, and a resident of Guam, and who at the time of the incident complained of herein was 75 years old.

8. Defendant, United States of America ("USA"), operates and controls United States Air Force, Andersen Air Force Base, Guam, and the Andersen Air Force Base, Guam, Commissary, and/or Defendants DOES 1 through 6 and/or 11 through 15, and/or is the employer of "Employees" as defined in 28 U.S.C. 2671.

9. Defendant, United States Air Force (hereinafter referred to as Department of Air Force or "DAF"), operates defendant, Andersen Air Force Base, Guam ("AAFB"). DAF is a Department of Defendant USA. Additionally and/or alternatively, DAF is a Federal agency under 28 U.S.C. §2671.

10. Defendant, AAFB, is operated by and/or is an agent of Defendants USA, DAF, and/or DOES 1 through 6 and/or 11 through 15. Additionally and/or alternatively, AAFB is a Federal agency under 28 U.S.C. §2671.

11. Defendant, Andersen Air Force Base, Guam, Commissary ("Commissary"), is, upon information and belief, an entity owned and/or operated by, or is an agent and/or, under the control and/or supervision of, Defendants USA, DAF, AAFB, and/or DOES 1 through 6. Defendant Commissary is located on property owned and controlled by Defendants USA, DAF, AAFB, and/or DOES 1 through 6 and/or 11 through 15. Additionally and/or alternatively, Commissary is a Federal agency under 28 U.S.C. §2671.

12. Alternatively, Defendant Commissary is a private person, individual, corporation, dba, business, contractor, or other entity, liable to Plaintiff for the negligence and wrongful acts or omissions complained of herein.

13. Defendants DOES 1 through 6 are agents and/or employees of defendants USA, DAF, AAFB, Commissary, and/or DOES 11 through 15. Plaintiff is currently unaware of all the true names, capacities, and identities of Defendant DOES 1 through 6 and, therefore, sues these defendants by such fictitious names and specifically reserves the right to amend this Complaint to show their true names and capacities when more fully ascertained. Defendant DOES 1 through 6 are liable in some manner in whole, or in part, for damages to Plaintiff.

14. Alternatively, Defendants DAF, AAFB, and/or DOES 1 through 6 and/or 11 through 15 are "Federal agencies" as defined in 28 U.S.C. 2671. Additionally, the terms Defendants DAF, AAFB, Commissary, Defendants DOES 1 through 6 and 11 through 15, and "Defendant" or "Defendants" shall throughout this Complaint include, where proper,

employees of the United States of America and/or its Federal agencies acting within the scope of their employment.

15. Defendants DOES 7-10 are insurance companies authorized to do business in Guam, which prior to and on May 25, 2013 had issued a policy or policies of insurance to defendants, individually and/or collectively, which were in full force and effect on May 25, 2013.

16. Plaintiff is currently unaware of all the true names, capacities, and identities of Defendant DOES 11 through 15 and, therefore, sues these defendants by such fictitious names and specifically reserves the right to amend this Complaint to show their true names and capacities when more fully ascertained. Defendant DOES 11 through 15 are liable in some manner in whole, or in part, for damages to Plaintiff.

## FACTUAL ALLEGATIONS

17. On or about May 25, 2013, Plaintiff was shopping at the Andersen Air Force Base, Guam Commissary.

18. At all times mentioned, Defendants USA, DAF, AAFB, Commissary and/or DOES 1 through 6 were in possession and control over the Commissary premises located at Andersen Air Force Base, Guam.

19. On said date and at said place, there was a slippery substance on the Commissary floor, in an area open to and travelled upon by Commissary customers.

20. While in the Commissary, Plaintiff slipped on the slippery substance and fell to the floor, causing Plaintiff to sustain injuries and damages described herein.

21. At all times mentioned, Defendants USA, DAF, AAFB, Commissary and/or DOES 1 through 6, as owners, operators, masters, agents, representatives, employers, employees, insurers, and/or responsible parties of or to the Commissary; and/or employees of

*Zenaida B. Martinez v. U.S.A., United Air Force, et al.*  Page 4 of 11
*Complaint [Jury Trial Demanded]*

Case 1:15-cv-00016   Document 1   Filed 05/22/15   Page 4 of 11

Defendants USA, DAF, AAFB, and/or DOES 1 through 6, while acting within the scope of their employment; had the duties to *inter alia*:

a. To maintain the floor of the Commissary in a reasonably safe condition;

b. To prevent or prohibit a slippery substance to come into contact with and remain on the floor of the Commissary when Defendants and/or their employees knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers in the store;

c. To warn Plaintiff of the danger presented by the presence of the slippery substance on the Commissary floor;

d. To install a non-slip surface on the Commissary floor;

e. To exercise due care with respect to the matters alleged in this Complaint.

22. On or about May 25, 2013, Defendants USA, DAF, AAFB, Commissary and/or DOES 1 through 6, as owners, operators, masters, agents, representatives, employers, employees, insurers, and/or responsible parties of or to the Commissary; and/or employees of Defendants USA, DAF, AAFB, and/or DOES 1 through 3, while acting within the scope of their employment negligently:

a. Failed to maintain the floor of the Commissary in a reasonably safe condition;

b. Allowed a slippery substance to come into contact with and remain on the floor of the Commissary when defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers in the store;

c. Failed to warn Plaintiff of the danger presented by the presence of the slippery substance on the Commissary floor;

d. Failed to install a non-slip surface on the Commissary floor;

e. Failed to exercise due care with respect to the matters alleged in this Complaint.

23. As a direct and proximate result of the negligence of the Defendants as set forth herein, Plaintiff slipped and fell while in the Commissary.

24. As a direct and proximate result of the negligence of the Defendants as set forth herein, Plaintiff sustained injuries, including but not limited to an arm fracture, nasal fracture, injuries to head, neck, body, and extremities, physical pain, bleeding, bruising, and physical, mental and emotional injuries and pain and suffering.

25. As a direct and proximate result of the negligence of the Defendants as set forth above, Plaintiff sustained economic damages, including but not limited to medical expenses, rehabilitation expenses, care-giver/assistance expenses, medical travel expenses, and similar expenses.

26. As a direct and proximate result of the negligence of the defendants as set forth above, Plaintiff sustained non-economic damages, including but not limited to physical, mental, and emotional pain and suffering damages, and similar damages.

### FIRST CAUSE OF ACTION: NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

27. Plaintiff repeats, realleges and repleads all of the allegations contained in paragraphs 1 through 26 as though the same were fully and specifically set forth in detail.

28. Defendants in the Cause of Action includes USA, DAF, AAFB, Commissary, DOES 1 through 6 and 11 through 15, and includes employees of Defendants acting at all times mentioned herein, within the scope of their employment.

29. Defendants had duties to Plaintiff to exercise due care.

30. Defendants breached their duties to Plaintiff.

31. Defendants negligently:

a. Failed to maintain the floor of the Commissary in a reasonably safe condition;

b. Allowed a slippery substance to come into contact with and remain on the floor of the Commissary when defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers in the store;

c. Failed to warn Plaintiff of the danger presented by the presence of the slippery substance on the Commissary floor;

d. Failed to install a non-slip surface on the Commissary floor;

e. Failed to exercise due care with respect to the matters alleged in this Complaint.

32. The defendants' breach of their duties to Plaintiff proximately caused damages and injuries to Plaintiff.

33. Defendants are liable for Plaintiff's personal injuries caused by the negligent or wrongful acts or omissions of Defendants and/or Defendants' employees, who at all times mentioned herein were acting within the scope of their employment.

34. The circumstances mentioned herein were such that Defendants, if private person(s), would be liable to the Plaintiff in accordance with the laws of Guam, where the acts or omissions complained of herein occurred.

## SECOND CAUSE OF ACTION: NEGLIGENCE

35. Plaintiff repeats, realleges and repleads all of the allegations contained in paragraphs 1 through 34 as though the same were fully and specifically set forth in detail.

36. In the alternative, should the liable Defendants not include the United States of America or its employees or federal agencies, and should the Federal Tort Claims Act not apply, the remaining Defendants are liable to Plaintiff for the negligence and wrongful acts or

omissions complained of herein, under Guam negligence law, and other laws applicable to Guam and to this Complaint.

### THIRD CAUSE OF ACTION: RES IPSA LOQUITUR

37. Plaintiff repeats, realleges and repleads all of the allegations contained in paragraphs 1 through 36 as though the same were fully and specifically set forth in detail.

38. This Third Cause of Action applies to claims including and excluding Federal Tort Claim causes of action.

39. At all times relevant to this Complaint, the Commissary premises was in the exclusive control, direction, management, and maintenance of Defendants.

40. Plaintiff exercised no control over the premises of defendants.

41. Plaintiff's slip and fall at the Commissary premises would not have occurred in the ordinary course of events absent Defendants' negligent failure to use proper care in the direction, control, operation, management, and maintenance of its premises.

42. As a direct and proximate result of Defendants' failure to exercise proper care, Plaintiff was injured and sustained damages as described herein.

43. Defendants are liable to Plaintiff under the doctrine of res ipsa loquitur as applied in Guam and the laws applicable to Guam.

### FOURTH CAUSE OF ACTION: RESPONDEAT SUPERIOR/AGENCY LIABILITY

44. Plaintiff repeats, realleges and repleads all of the allegations contained in paragraphs 1 through 43 as though the same were fully and specifically set forth in detail.

45. This Fourth Cause of Action applies to claims including and excluding Federal Tort Claim causes of action.

46. Defendants are liable to Plaintiff under the doctrines of respondeat superior and agency liability.

## FIFTH CAUSE OF ACTION: DIRECT ACTION AGAINST INSURERS

47. Plaintiff repeats, realleges and repleads all of the allegations contained in paragraphs 1 through 46 as though the same were fully and specifically set forth in detail.

48. Defendants DOES 7 through 10 are the insurers or providers of a policy or policies of insurance covering the acts of Defendants that directly and proximately caused injury and damages to Plaintiff as alleged herein.

49. As the insurers or providers of such liability insurance, Defendants DOES 7 through 10 are liable to Plaintiff for all injuries and damages sustained by Plaintiff as a result of defendants' negligence and breach of duty to exercise reasonable care in the operation and management of the Commissary.

50. Pursuant to 22 G.C.A. § 18305, Plaintiff has a right of direct action against Defendants DOES 7 though 10 on any policy or policies of liability insurance issued to defendants and in effect on or about May 25, 2013.

## JURY TRIAL DEMAND

f. Plaintiff demands a trial by jury of six (6) persons on all issues that may be tried as a matter of right by a jury.

## PRAYER

**WHEREFORE,** Plaintiff prays for the following:

1. That she be awarded all available relief under the Federal Tort Claims Act.

2. Alternatively, should the Federal Tort Claims Act not apply, that she be awarded all available relief under applicable laws.

3. That she be awarded general damages subject to proof.

4. That she be awarded special damages subject to proof.

5. That she be awarded economic and non-economic, physical, mental, and emotional pain and suffering damages subject to proof.

6. That she be awarded her attorneys' fees.

7. That she be awarded her costs.

8. That she be awarded pre-judgment interest.

9. That she be awarded post-judgment interest.

10. And, for such other and further relief as the court deems appropriate.

Dated this 22nd day of May, 2015.

_____
**PETER C. PEREZ, ESQ.**
*Counsel for Plaintiff, Zenaida B. Martinez*

# VERIFICATION

CITY OF HAGATNA )
GUAM, U.S.A. )
)

I, ZENAIDA B. MARTINEZ, being first duly sworn, depose and state that I am the Plaintiff in the above-entitled action and that I have read the Complaint and know the contents thereof. The same is true of my knowledge upon information and belief.

Dated this 22nd day of May, 2015.

_____
ZENAIDA B. MARTINEZ

**SUBSCRIBED AND SWORN** to before me this 22nd day of May, 2015, by ZENAIDA B. MARTINEZ.

_____
NOTARY PUBLIC

SHEERA MARIE BLAS MENDIOLA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: JULY 12, 2018
P.O. Box 8104 Tamuning, Guam 96931